**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUNE AGHASI SHKHYAN, | No. 08-74434 |
| Petitioner, | Agency No. A099-045-226 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2013[**]
Pasadena, California

Before: THOMAS and HURWITZ, Circuit Judges, and BEISTLINE, Chief
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]   The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

After entering the United States on a tourist visa, Nune Aghasi Shkhyan applied for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). An Immigration Judge ("IJ") denied all requested relief; the Board of Immigration Appeals ("BIA") affirmed per curiam. We grant Shkyan's petition for review and remand for further proceedings.

1.      Shkhyan, an Armenian scientist, refused to work on a project in Siberia because she feared it would benefit the Russian military. State security officials then interrogated her on three occasions, once detaining her for two nights and slapping her face. After her release from the last detention, Shkhyan obtained a B-2 tourist visa and entered the United States. In these removal proceedings, she conceded removability but sought asylum, withholding of removal, and CAT relief.

2.      An IJ found Shkhyan's testimony about her experiences after refusing to work on the Siberian project generally credible, but did not credit her claim that her husband was beaten by state security officers after she left Armenia because of the absence of a corroborating statement from her husband. Although an IJ may require such corroboration, its absence may form the basis for an adverse

2

credibility finding only if the IJ "undertake[s] the . . . sequential analysis" required by *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011). Under *Ren*, the IJ must first determine whether an applicant's credible testimony is sufficient to meet her burden of proof, and if not, provide her with "an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Id.* Shkhyan was never informed that she would be required to provide a statement from her husband.

3. The IJ's adverse credibility finding therefore cannot stand under *Ren*. Because that determination supported the IJ's conclusion that Shkhyan had not shown a reasonable fear of future persecution, we grant the petition for review and remand to the BIA for further proceedings consistent with this memorandum.

PETITION FOR REVIEW GRANTED; REMANDED